**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 22-4354

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ANTHONY ASHFORD, a/k/a Pop-A-Lot,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:11-cr-02264-MBS-1)

———————

Submitted:  May 1, 2023                          Decided:  June 7, 2023

———————

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Andrew R. De Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Ashford appeals the district court's judgment revoking his supervised release and sentencing him to 18 months' imprisonment, followed by 12 months' supervised release. Ashford makes four claims on appeal: (1) that the district court erred by permitting the government to proffer Ashford's prison disciplinary history without producing a witness, (2) that the court's announcement of a condition of supervised release conflicted with the written judgment, (3) that the Government failed to prove by a preponderance of the evidence that he engaged in new criminal conduct, and (4) that the district court's revocation sentence was procedurally unreasonable because the court failed to provide an adequate explanation. We affirm.

Under Fed. R. Crim. P. 32.1(b)(2)(C), a defendant at a revocation hearing is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Subsection (C) directs that "prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Combs*, 36 F.4th 502, 506 (4th Cir. 2022) (internal quotation marks omitted).

Here, Ashford successfully challenged the government's attempt to admit the record of his prison disciplinary history during his probation officer's testimony. During closing argument, the government described Ashford's disciplinary history in part to counter Ashford's claim that his conduct was accidental and not willful. The district court reiterated that the evidence was not admitted and that it would not necessarily consider the

2

evidence as it made its decision. Nor did the court cite Ashford's disciplinary history as one of the reasons for finding that Ashford engaged in new criminal conduct. So, we see no error.

Next, Ashford asserts that the district court erred because the description of the first standard condition, the reporting requirement, in the judgment materially differed from the court's oral pronouncement of that condition at sentencing. The district court must announce all non-mandatory conditions of supervised release at sentencing. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). To "satisfy its obligation to orally pronounce discretionary conditions," a district court may do so "through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. "[W]e review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (internal quotation marks omitted).

We recognize that the first standard condition in the judgment differed from the court's announcement of that condition but was identical to the first standard condition at U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. But the effect of that discrepancy is undercut because the court also announced that Ashford must "comply with the mandatory and standard conditions of supervision outlined in Title 18, United States Code, Section

3

3583(d) and United States Sentencing Guideline Section 5D1.3(c)." (Joint Appendix 103-04). Thus, the court orally announced two versions of the first standard condition. "[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299 (citing *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003)). In light of the district court's conflicting oral pronouncements, we can rely on the written judgment as evidence of the court's intent to require Ashford to comply with the reporting condition in USSG § 5D1.3(c)(1), p.s. Therefore, we find no error.

Nor did the district court err in revoking Ashford's supervised release. "A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence. *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (citation and internal quotation marks omitted).

We review the district court's revocation of supervised release for abuse of discretion, evaluating any legal conclusions de novo and the court's factual determinations for clear error. *Id*. We must determine whether the district court's account of the evidence is plausible in light of the entire record viewed. "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Id*. (internal quotation marks omitted).

4

The district court properly relied on witness testimony, surveillance video, and screenshots from the video to find by a preponderance of the evidence that Ashford engaged in new criminal conduct. We conclude that there was no error.

Finally, we turn to the district court's revocation sentence. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. The sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation and internal quotation marks omitted).

We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.' And even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citation and internal quotation marks omitted). "The requirements that a district court meaningfully respond to the parties' nonfrivolous arguments and sufficiently explain the chosen sentence are intended to allow for meaningful appellate review and to promote the perception of fair sentencing. And although the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Id*. at 207-08 (citations and internal quotation marks omitted).

5

Ashford contends that the district court ignored his arguments in favor of a more lenient sentence.  But the court focused on the one factor all parties agreed was needed: mental health treatment.  Ashford admitted that, while on supervised release, he failed to appear for several mental health treatment appointments.  In imposing the 18-month term of imprisonment, the court ordered the Bureau of Prisons to assess Ashford's mental health and provide mental health treatment as deemed necessary.    And the court ordered that Ashford continue his mental health treatment while on supervised release.  We thus conclude that there was no procedural error in the court's sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*